## Hamilton et al. v. Hamilton.

*Equity—Evidence—Jurisdiction—Trusts—Account — Funds derived from condemnation.*

1. Where it appeared that real estate was conveyed by a father to his son for the purpose of conserving the property, and this fact was established by parol evidence and statements of the son at various times that he held the property for the use of his brothers and sisters, the son was decreed a trustee.

2. Where a bill was filed to have defendant declared a trustee for plaintiffs, who were sisters and co-heirs with defendant, and it appeared that the real estate in question had been condemned by the Government, no accounting was necessary, as the amount due each heir could be definitely determined from the fund received from the real estate.

Bill for account. C. P. Allegheny Co., Jan. T., 1921, No. 3.

*Ferd H. Phillips,* for plaintiff; *Harry S. Loughry,* for defendant.

STONE, J.—This was a bill filed by the plaintiffs to compel the defendant to account for and pay over to them the moneys due them as heirs of their father, Matthew M. Hamilton, and to restrain the defendant from disposing of any of such moneys in his possession or control.

From the pleadings and evidence taken at the trial we make the following findings of fact and conclusions of law:

### Findings of fact.

1. The parties to this action are all brothers and sisters and children of one Matthew M. Hamilton, who died July 7, 1918, and all are residents of the County of Allegheny, saving and excepting Nettie M. Beggs, who appears to be a resident of Los Angeles, California.

2. The wife of Matthew M. Hamilton died many years ago.

3. Matthew M. Hamilton for some time prior to June 5, 1916, had been living in various places, and, among others, with his daughters, Mrs. Mary Swan and Mrs. Annie E. Kiefer; he did not live with the defendant, William M. Hamilton, although the latter lived in the Borough of Ardmore, as did the defendant's sister, Mrs. Annie E. Kiefer.

4. On or about June 5, 1916, the defendant visited his father and took with him a member of the bar and a cousin. All three prevailed upon Matthew M. Hamilton to convey to the defendant, William M. Hamilton, the real estate of which he was at that time seized, in order that the same be not dissipated, but that it be conserved for the mutual benefit of all of the parties to this action.

5. As a result of such request and inducement extended to Matthew M. Hamilton, he conveyed two separate and distinct tracts of land, both of which are situate in Neville Township, of this county, and fully described in the bill, for the consideration of "One dollar ($1.00) and natural love and affection." It was understood between the parties to this action that the defendant, William M. Hamilton, was to hold and manage the real estate referred to, and upon the death of Matthew M. Hamilton to divide it, share and share alike, among his children, consisting of the parties hereto.

6. By proceedings entered in the District Court of the United States for the Western District of Pennsylvania, the real estate referred to was condemned and appropriated by the United States of America, and the defendant received therefor in cash, as a result of such condemnation proceedings, the total sum of $8331.07.

7. From the total amount received for the condemnation of said properties defendant has paid on account of expenses the sum of $1000, and there was

Hamilton et al. *v.* Hamilton.

likewise paid to the wife of the defendant, William M. Hamilton, the sum of $250, or a total of $1250, and, after deducting the total amount paid from the sum received, we find the distributive share of each of the parties to this action is in the sum of $1416.21. Of the said sum each has received the sum of $200, leaving, therefore, the amount due by the defendant to each of the plaintiffs, disregarding the question of interest, the sum of $1216.21, which money he has in his possession and which sum should be paid to each of the said plaintiffs.

### Conclusions of law.

That a decree be drawn directing the defendant to pay to each of the plaintiffs, John H. Hamilton, Mary Swan, Annie E. Kiefer and Nettie M. Beggs, the sum of $1216.21.

### Discussion.

All of the plaintiffs, saving and excepting Mrs. Nettie Beggs, appeared before us, and all testified that at one time or another the defendant had notified them that he had obtained the title to the property in question from their father in order to protect and conserve it for the interest of the parties to the bill. It is true all of this was denied by the defendant, but when we come to consider the other corroborating evidence, we are satisfied that the conveyance referred to was in fact made by Matthew M. Hamilton to the defendant for the mutual benefit of all of the parties to the bill.

While the defendant had the opportunity, he does not explain anything about the transfer or why or how it came to be made, but was satisfied with a cold denial of the statements of the plaintiffs and their corroborating witnesses. An examination of the deed shows that the conveyance was made for "One dollar ($1.00) and natural love and affection." We assume, of course, that the father had natural love and affection for all of his children, but the evidence fails to disclose that the defendant reciprocated. As a matter of fact, in his declining years and when he needed the care and attention of his children, those who gave it to the father were his daughters, Mrs. Swan and Mrs. Kiefer, and not the defendant.

The defendant, at the trial, raised the question and objected strenuously to his sisters and his brothers testifying as to what he had told them concerning the transfer, in view of the fact that they gave no evidence as to the understanding had between the father, Matthew M. Hamilton, and the son, William M. Hamilton. This evidence possibly might not have been sufficient, when standing alone, for us to find that William M. Hamilton actually held the properties in trust for the mutual benefit of all of the children of Matthew M. Hamilton; but when we consider the other evidence, especially that of the cousin of the parties to the bill, we are forced to the conclusion, and we have accordingly so found, that, as between the plaintiffs and the defendant to the bill, defendant did in fact hold the said properties for the mutual benefit of his brothers and sisters and himself. Having in mind the attitude of the defendant on the stand, and his hesitating manner and his reluctance to answer questions, we are satisfied that our conclusions are in accordance with the wishes and intentions of Matthew M. Hamilton, the grantor and father of the parties to the bill.

The bill prays for an accounting, but we do not deem it necessary to order the defendant to account, and all for the reason that the testimony shows the specific amount received by the defendant from the United States Government on the condemnation of the properties in question; it also shows all of the credits to which defendant is entitled, and all that is left is to distribute equally among all of the parties to this bill the proceeds of the condemnation.

1 D. & C.

At the trial, the defendant objected to the trial of this case in a court of equity, on the ground that the plaintiffs had an adequate remedy at law. An action at law might, perchance, have settled the controversy between the parties to the bill. In view of the fact, however, that the plaintiffs in their pleadings indicated and averred that they were not in possession of all of the facts in order to make the proper averments, and for other reasons which are quite apparent, we were convinced that the case should proceed as it was and not be certified to the law side of the court.

From Edwin L. Mattern, Pittsburgh, Pa.